UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:18-CV-62326

GARTH ANTHONY RICHARDS,

    Plaintiff

v.

INTEGRATED TECH GROUP, LLC,

    Defendant.

_____/

**DEFENDANT INTEGRATED TECH GROUP, LLC'S ANSWER
AND AMENDED DEFENSES TO PLAINTIFF
GARTH ANTHONY RICHARDS' COMPLAINT**

    Defendant, Integrated Tech Group, LLC ("Defendant"), through counsel and pursuant to the Federal Rules of Civil Procedure, files its Answer and Amended Defenses to the Complaint filed by Plaintiff, Garth Anthony Richards ("Plaintiff"), and responds via correspondingly numbered paragraphs as follows:

    1.    Admitted for jurisdictional purposes only. Otherwise, denied.

    2.    Defendant admits that Plaintiff was an "employee" as defined by the FLSA. Defendant is without knowledge sufficient to either admit or deny the remaining allegations in Paragraph 2 of the Complaint, and therefore Defendant denies the allegations.

    3.    Denied.

    4.    Admitted that Defendant is a foreign corporation that employed Plaintiff, and that Defendant has annual gross sales in excess of $500,000. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits only that it employs two or more individuals who handle tools, supplies, and/or equipment manufactured outside of Florida, in furtherance of Defendant's business. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant is without knowledge sufficient to either admit or deny the allegations in Paragraph 13 of the Complaint, and therefore Defendant denies the allegations.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

14. Defendant reasserts and incorporates its responses to Paragraphs 1-13 of the Complaint.

15. Acknowledged that Plaintiff seeks the relief identified in Paragraph 15 of the Complaint, but denied that Plaintiff is entitled to any of the relief requested.

16. Acknowledged that Plaintiff seeks the relief identified in Paragraph 16 of the Complaint, but denied that Plaintiff is entitled to any of the relief requested.

In response to the unnumbered WHEREFORE clause following Paragraph 16 of the Complaint, Defendant denies all factual allegations and denies that Plaintiff is entitled to any of the requested relief.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES

17. Admitted for jurisdictional purposes only. Otherwise, denied.

18. Defendant reasserts and incorporates its responses to Paragraphs 1-13 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

In response to the unnumbered WHEREFORE clause following paragraph 22 of the Complaint, Defendant denies all factual allegations and denies that Plaintiff is entitled to any of the requested relief.

## JURY DEMAND

Defendant acknowledges that Plaintiff has demanded a jury trial, but denies that Plaintiff is entitled to any judgment or relief sought in his Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, it reserves the right to amend this Answer and Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations contained in Plaintiff's Complaint are hereby denied.

## STATEMENT OF DEFENSES

As separate and distinct defenses to Plaintiff's Complaint, Defendant alleges the following:[1]

1.   The Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff has failed to allege specific facts to support each and every element of his claims. Plaintiff's claim under the FLSA contains only a bare-bones statement of the legal grounds on which it rests, but without any factual details in support. Plaintiff's claim alleging breach of contract does not provide any detail about what the terms of the purported contract were. The failure to include facts in support of his claims renders them insufficient under applicable pleading standards as interpreted by the U.S. Supreme Court.

2.   Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law. The chart of damages Plaintiff included with his Complaint is ambiguous and is unclear regarding whether Plaintiff seeks a double recovery with respect to allegedly unpaid wages.

3.   Plaintiff is not entitled to recover liquidated damages, costs, or attorney's fees because Defendant acted in good faith and at no time during his employment or thereafter until the filing of this lawsuit did Plaintiff ever allege or bring to Defendant's attention the fact that Plaintiff felt he was owed any additional overtime pay. Defendant believed, and believes, that its pay system is lawful. Defendant's pay system complies with 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.208, 778.209; and Example # 1 from the Department of Labor guidance available at the following web address:

---

[1] By asserting these defenses, Defendant does not intend to shift the applicable burden of proof regarding Plaintiff's claims.

4

https://www.dol.gov/whd/StateandLocalGovernment/CA_Tutorial/media/OT%20Examples%20Final.htm.

4. Any recovery by Plaintiff and/or Plaintiff's damages, if any, must be offset by (1) any amounts Defendant paid Plaintiff for hours which were not actually worked by Plaintiff, including vacation and/or sick/medical leave, or for periods of time during which Plaintiff was otherwise absent from the workplace during that week including during holidays and other functions voluntarily attended; and (2) any other overpayments made by Defendant to Plaintiff.

5. To the extent Plaintiff was entitled to overtime that was not paid, Plaintiff is not entitled to any overtime worked by Plaintiff during his compensated workweek that was *de minimis*.

6. Defendant did not willfully and with intent deprive Plaintiff of any wages or pay to which Plaintiff was entitled to under the FLSA.

7. Plaintiff's claims are barred or limited to the extent any overtime obligations or unpaid wages were paid, satisfied or released. Specifically, Plaintiff's FLSA claim is barred to the extent any and all overtime obligations were paid. Plaintiff's breach of contract claim, which asserts that unpaid wages are owed, is barred to the extent that any allegedly unpaid wages were paid, satisfied, or released.

8. Plaintiff's claims are barred, in whole or in part, on the basis that, in the event Defendant violated the FLSA, Defendant's actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless and therefore Plaintiff is only entitled to recover lost wages from the date of the verdict back to no more than two years before he filed this lawsuit. Defendant believed, and believes, that its pay system is lawful. Defendant's pay system complies with 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.208, 778.209; and Example # 1 from

the Department of Labor guidance available at the following web address: https://www.dol.gov/whd/StateandLocalGovernment/CA_Tutorial/media/OT%20Examples%20Final.htm.

9. Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working time. Because Plaintiff does not identify in the Complaint the factual basis for his claims, Defendant cannot provide specificity as to the non-compensable or non-working time for which Plaintiff may be seeking compensation.

10. Plaintiff's breach of contract claim is barred, in whole or part, by the doctrine of laches.

11. Plaintiff's breach of contract claim is barred, in whole or part, by the doctrine of waiver.

12. Plaintiff's breach of contract claim is barred, in whole or part, by the doctrine of estoppel.

13. If the facts, as determined at trial, reveal that Plaintiff was engaged in efforts to alter his own time records or the time records of others, or in any other way violated the established policies of Defendant with regard to employment practices, that Plaintiff should be estopped from recovering on his claim.

14. If the facts, as determined at trial, reveal that Plaintiff reported to Defendant that he had been correctly and fully paid for all time worked, that Plaintiff should be estopped from recovering on any claim of uncompensated wages.

15. Plaintiff's breach of contract claim is barred, in whole or part, by the doctrines of accord, satisfaction, and/or accord and satisfaction.

16. Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor. Defendant believed, and believes, that its pay system is lawful. Defendant's pay system complies with 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.208, 778.209; and Example # 1 from the Department of Labor guidance available at the following web address: https://www.dol.gov/whd/StateandLocalGovernment/CA_Tutorial/media/OT%20Examples%20Final.htm.

17. To the extent discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours and no evidence that Defendant knew or should have known that the false reporting was occurring, Defendant invokes the doctrine of estoppel to bar Plaintiff's claims. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

18. Plaintiff's claim for breach of contract barred by the Florida Statute of Frauds.

19. Plaintiff's claims fail because he received all compensation to which he was entitled and which he agreed to accept. Specifically, Plaintiff's FLSA claim fails because he was paid at least the minimum wage for all hours worked and the proper overtime rates for all overtime hours worked. Plaintiff's breach of contract claim fails because, assuming an oral contract existed, which Defendant denies, Plaintiff received all compensation he was owed.

20. Plaintiff's claims fail because Defendant fulfilled any obligations purportedly owed to Plaintiff. Specifically, Plaintiff's FLSA claim fails because he was paid at least the minimum wage for all hours worked and the proper overtime rates for all overtime hours worked. Plaintiff's

breach of contract claim fails because, assuming an oral contract existed, which Defendant denies, Plaintiff received all compensation he was owed.

21. Plaintiff's breach of contract claim is barred, in whole or in part, to the extent Plaintiff breached any purported agreement with Defendant.

22. Defendant reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests:

    a. Plaintiff's claims be stricken or dismissed with prejudice;

    b. Each and every prayer for relief in Plaintiff's Complaint be denied;

    c. Judgment be entered in favor of Defendant;

    d. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff, including but not limited to the relief available under section 448.08, Florida Statutes; and

    e. Defendant be granted such other and further relief as this Court deems just and appropriate.

Dated: November 29, 2018.

        Respectfully submitted by:

        **JACKSON LEWIS P.C.**

        */s/ Ashwin R. Trehan*
        Laura E. Prather, B.C.S.
        Florida Bar No.: 870854
        LEAD TRIAL COUNSEL
        Email: laura.prather@jacksonlewis.com
        Ashwin R. Trehan, Esq.
        Florida Bar No: 42675
        E-mail:ashwin.trehan@jacksonlewis.com
        Wells Fargo Center
        100 S. Ashley Drive, Suite 2200

CASE No: 0:18-cv-62326

        Tampa, Florida 33602
        Telephone:   813-512-3210
        Facsimile:    813-512-3211

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve the document upon all counsel of record.

        */s/ Ashwin R. Trehan*
        Attorney

CASE No: 0:18-cv-62326

## SERVICE LIST
### Garth Anthony Richards v. Integrated Tech Group, LLC
### United States District Court Southern District of Florida

*Via CM/ECF*

Elliot Kozolchyk, Esq.
ezok@kozlawfirm.com
**KOZ LAW, P.A.**
320 S.E. 9th Street
Fort Lauderdale, FL  33316

*Attorney for Plaintiff*


Ashwin R. Trehan, Esq.
Ashwin.trehan@jacksonlewis.com
Laura E. Prather, B.C.S.
Laura.prather@jacksonlewis.com
**JACKSON LEWIS P.C.**
100 South Ashley Drive
Suite 2200
Tampa, Florida  33602

*Attorneys for Defendant*

4848-2239-1937, v. 1